IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMW INVESTMENTS, LTD, | |
| *Plaintiff*, | CIVIL ACTION |
| v. | No. 16-02220 |
| CELLCO PARTNERSHIP, | |
| *Defendant*. | |

PAPPERT, J.                                                                                               July 8, 2016

**MEMORANDUM**

Plaintiff CMW Investments LTD ("CMW") sued Defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco") alleging one claim for breach of contract. CMW's claim arises out of Cellco's alleged failure to adhere to the terms of an oral modification to a lease agreement between the parties. Before the Court is Cellco's motion to dismiss. The Court grants the motion. CMW may amend its complaint consistent with this Opinion.

**I.**

Cellco entered into a written five-year lease agreement with CMW for the right to operate a Verizon Wireless retail store at Courtside Square Shopping Center, 140 Allendale Road, King of Prussia, Pennsylvania. (Compl. ¶¶ 1–2, 5–6, ECF No. 1.) The lease required Cellco to pay rent on or before the first day of each month. (*Id.* ¶ 8.) The parties amended the initial lease on four subsequent occasions. (*Id.* ¶ 7.) The fourth amendment extended the lease term through September 30, 2015 and increased the annual minimum rent amount from $124,000 to $155,250. (*Id.* ¶¶ 7, 9.) The amended lease also required Cellco to surrender the property to CMW on the termination date, leave the premises in good condition and remove all other property. (*Id.* ¶ 11.) If Cellco failed to leave the premises, it would be designated a "holdover" tenant and required to

1

pay 1.4 times the minimum rent due for the last month of the term.  (*Id.* ¶ 12.)  If Cellco did not pay on time and subsequently failed to cure within ten days after being notified by CMW, Cellco would be in default.  (*Id.* ¶ 13.)  Any sum not paid when due would bear interest at the rate of 11% per annum until paid.  (*Id.* ¶ 14.)

Prior to the lease's termination date, Cellco informed CMW that it had found an alternate property to rent and would not be renewing its lease.  (*Id.* ¶ 17.)  CMW alleges, however, that Cellco orally requested a several month extension in order to have the continued right to post signs at the property advising returning or prospective customers of its new location.  (*Id.* ¶ 18.)  CMW agreed to the oral modification, and Cellco posted the signs which were still in place at the time CMW filed its initial complaint.  (*Id.* ¶¶ 19–20.)  Cellco allegedly failed to pay any rent due under the extension and on or around March 10, 2016, CMW issued notice of default.  (*Id.* ¶¶ 21–22.)  Cellco failed to cure the default and CMW terminated the lease as of March 31, 2016; it demanded $129,266.31 in unpaid rent in addition to costs incurred to enforce its rights under the lease.  (*Id.* ¶¶ 23–25.)

CMW filed suit in the Montgomery County Court of Common Pleas.  (ECF No. 1.)  Cellco timely removed the case to this court.  (*Id.*)  Cellco subsequently filed a motion to dismiss on June 6, 2016 pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 9.)  CMW filed its response on June 15 and Cellco replied on June 22.  (ECF Nos. 10, 12.)  The Court held oral argument on Cellco's motion on June 28, 2016.  (ECF No. 14.)

**II.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in the light most favorable to the plaintiff. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted). A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

Under *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. *See Connelly*, 809 F.3d at 787. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

District courts must permit a curative amendment to dismissed complaints under Rule 12(b)(6), unless such amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.2d 229, 235 (3d Cir. 2004). "Futility" means the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

**III**.

CMW's primary argument is that Cellco failed to pay rent at the "holdover" rate pursuant to the parties' oral modification. (Pl.'s Resp. at 7–9, ECF No. 10.) CMW contends that Cellco

became a holdover tenant when CMW orally agreed to allow Cellco the ability to leave signs in the windows directing customers to the new location.  (*Id.*)  While CMW's complaint does not provide any written evidence of this oral modification, it does contain the original lease agreement.  (Compl. at Ex. A ("Lease"), ECF No. 1.)  Section 25.02 of the lease contains an integration clause which provides, in relevant part, that "no alterations, amendments, changes or additions to this Lease shall be binding on [the parties] unless reduced to writing and signed by each party."  (Lease § 25.02.)  The complaint alleges the existence of an oral agreement but does not allege that it was reduced to writing and signed by each party as mandated by the lease.  CMW's contention that the purported oral agreement binds Cellco accordingly fails.

Without any modification, CMW must show that Cellco was a holdover tenant as defined by the lease.  Section 20.01 of the lease, entitled "Holding Over," states that any "holding over by [Cellco] . . . after the expiration of the term with the consent of [CMW], shall be construed to be a tenancy from month to month . . . ."  (*Id.* § 20.01.)  If Cellco held over, Section 20.01 required it to pay 1.4 times the last month's rent.  (*Id.*)

Section 20.02 of the lease is entitled "Surrender of Premises" and is made up of two subsections.  (*Id.* § 20.02)  Subsection (A) provides that Cellco had to surrender the property in good condition at the end of the lease, and also surrender all keys to CMW.  (*Id.* § 20.02(A).)  Subsection (B) stated:

> If [Cellco] shall fail to remove its trade fixtures or other property as provided for in this Section 20.02, after seven (7) days notice to [Cellco], such fixtures and other property not removed by [Cellco] shall be deemed abandoned by [Cellco] and at the option of [CMW] shall become the property of [CMW], or at [CMW's] option may be

(*Id.* § 20.02(B).)  The lease authorizes CMW to sell, store or dispose of any leftover property after abandonment at Cellco's expense.  (*Id.*)  The lease also provides that Section 20.02 survives the termination date.  (*Id.*)

CMW does not allege that Cellco failed to surrender the property.  (*See generally* Compl.)  There is no allegation that Cellco failed to return the keys and/or left the premises in damaged condition.[1]  (*See generally Id.*)  Rather, CMW alleges that Cellco left signs in the window directing customers to its new location.  (*Id.* ¶ 18.)  The prospect of Cellco leaving some personal property at the store was contemplated by Section 20.02(B).  (Lease § 20.02(B).)  CMW could either claim the property as its own, or dispose of it and recover the disposal costs from Cellco.  (*Id.*)  The Court is unaware of, and CMW has not provided, any authority to support the contention that merely leaving posters in a window constitutes a "holdover" tenancy under Pennsylvania law.  Any further amendment to CMW's holdover theory would be futile and the Court accordingly grants Cellco's motion to dismiss.

## IV.

CMW's response brief also alleges—for the first time—that there exists a signed fifth amendment to the lease.  (Pl.'s Resp. at 10–13.)  At oral argument, counsel for CMW stated that the amendment required Cellco to pay 1.25 times the rent amount in order to keep signs in the windows for approximately sixth additional months.  (Oral Arg. 22:20–24, ECF No. 14.)  CMW claims that this amendment was reduced to writing and signed by Cellco.  (Pl.'s Resp. at 11.)  CMW failed to provide a copy of the duly signed amendment; it instead submitted an email, devoid of context, as purported evidence of the agreement.  (Pl.'s Resp. at Ex. A.)

---

[1] Counsel for CMW acknowledged that Cellco returned the keys to his client.  (Oral Arg. 39:21–24, ECF No. 14.)

The email was sent from a Verizon employee and states: "Mike – we do have execution for KOP and that is moving thorough [sic] our internal signature approval process." (Pl.'s Resp. at Ex. A.) At oral argument, counsel for CMW could not say for certain whether either party had actually signed the amendment. (Oral Arg. 32:31–33:22.) Counsel stated, however, that all parties have seen the fifth amendment and asked for leave to amend the complaint to provide further evidence as to the "detailed discussions between the parties that took place." (Oral Arg. 39:2–11.) Amendment would not be futile if CMW can procure this alleged fifth amendment, and the Court grants CMW leave to amend its complaint.[2] An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] Neither the statute of frauds nor the integration clause renders amendment futile given that CMW now argues that a duly signed and written amendment exists.